MANLY, J.
We'concur in the judgment pronounced by his Honor, Judge Heath, in this case, and for the reasons stated by him.
With respect to the facts there is-no controversy. The petitioner is a soldier in the 'army- of the Confederate States. About the first of November charges were preferred against him from some source, entitled, as we presume, to credit, as they invoked, the action of his superior officers ; and he was put under arrest and sent, fur safe keeping, to the military prison in -Salisbury, where, soon after his arrival,' viz: on the 26th of November, he sued out a writ of habeas corpus.
We are at a loss to conceive any ground upon which the application can be based, even with plausibility. A soldier, bound to .service in the army, when once, enrolled and assigned his post of duty, is in military custody, and no longer at liberty,to go about at will. His greatest freedom from restraint, allows him only to move about within-certain limits in the cariip. jfor misconduct he may be put under arrest, and confined to narrower limits, or condemned to close , confinement. And, I take it, in any of these positions, he is equally out of the reach of enlargement through civil tribunals, until at least, his term of enlistment expires.
It would indeed bé a prolific source of" jurisdiction-for our Judges, if they could, or are bound to, carry the writ *133 «f habeas corpus into the camp, the.guard house, and the .military prison, and inquire into the legality .of the restraints there enforeed.
Such an interference with the diseipline of the army, if practicable, would utterly disorganize it.
Legitimate inquiry in such cases goes only to the extent.of ascertaining, whether the prisoner is rightfully in the army. If so, the civil tribunals leave him to the military, to be dealt with according to their rulés' and regulations. All the cases which have been before our judiciary, have had for their object, simply to inquire whath-.. er the petitioners were rightfully claimed as soldiers. We 'have no precedent, therefore, for proceeding with any such object as. the one before us.
Supposing the petitioner to have ground for questioning the right to-detain him as a soldier, he cannot -be heard to do so now.. .Having.waived his right until he is under arrest for offense, he cannot escape consequences by showing .on a -writ of habeas corpus., that he was not bound tó be there; This'is laid down in Graham’s case reported in the Appendix to 8 Jones.
But our case is of a soldier admitted to be in the service, and, therefore, with no claim to get Out of it, or be released from it. He has .fallen- under censure ; he has been imprisoned subject to charges ; and from this he desires to be relieved. How.?, and to what end? We. cap not set him at large, we cannot hasten, the action of the military tribunals, and it would ■ be an unheard of novelty to order him from the guard house to some position in the ranks' of the army. -Such a power involves again a troublesome and mischievous jurisdiction.-
Arrests in the army are made, as we suppose, by orders-' from headquarters, verbal o.r written. • There is no aid- *134 davit and no warrant, other than.the order. The person is detained in such way as may be necessary to keep him safely, until a court martial can be .organized for trying him. He may be removed from one place to another, at the will of the military authority, and all this, we are bound to suppose., is in accordance with army regulations. We have ne power to interfere for any purpose that we are aware of.
We affirm the judgment of the Court below, and order the .petitioner to be and remain in custody as. before. Petitioner is also ordered to pay the costs.